IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

VERONICA MAY VIGIL,

    Plaintiff,

vs.                                                                        CIV 12-1289 LH/KBM

CAROLYN W. COLVIN,
Acting Commissioner of the
Social Security Administration,

    Defendant.

## ORDER AWARDING ATTORNEY FEES UNDER EAJA

THIS MATTER was only recently reassigned to me so that I might address the long-pending Motion for Attorney Fees under Equal Access to Justice Act *(Doc.30)* that was filed by the Plaintiff on May 8, 2014. As Plaintiff notes, Defendant had fourteen (14) calendar days after filing and service of Plaintiff's EAJA application in which to file and serve a response. D.N.M.LR-Civ. 7.4(a). Plaintiff contends that Defendant's May 27, 2014 response was therefore untimely. However, under the rules of procedure,[1] Defendant was given an additional three days in which to file her response in opposition such that, in fact, the May 27 response was timely filed.

Plaintiff's motion seeks attorney fees for a total of 45.80 hours – 32.90 hours to prepare Plaintiff's Memorandum in Support of her remand motion *(Doc. 24)* and 9.40 hours to prepare Plaintiff's Reply *(Doc. 26)* – at the rate of rate of $184 per hour for 1.4 hours of legal services performed in 2012 ($257.60), and $187 per hour for 44.4 hours

---

[1] Local Rule 7.4(a) provides that responses to motions must be filed within fourteen calendar days after service of a motion. D.N.M.LR-Civ. 1.1. However, that fourteen-day time period is computed in accordance with Federal Rule of Civil Procedure 6(a) and (d). *See id*. Rule 6(d), in turn, provides that when a "party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire." Fed. R. Civ. P. 6(a). Because service by electronic means is one of the enumerated methods of service to which Rule 6(d) applies, a party who receives service of a motion through CM/ECF, is entitled to three additional days beyond the fourteen-day time period provided in Local Rule 7.4(a).

of legal services performed in 2013 and 2014 ($8,302.80). Although the motion seeks a total award of $8,460.40, it appears Plaintiff made a mathematical error because those amounts total $8,560.40. Additionally, she seeks an supplemental award of $486.20 for the 2.6 hours in preparing the reply brief on her EAJA fee motion.

The Court, like the Commissioner, finds that the Plaintiff's EAJA fee motion was timely filed and that the hourly rate requested by Plaintiff is reasonable. The Court further finds that Plaintiff was the prevailing party; indeed, she was fully meritorious on her points of error by the ALJ. The Commissioner concedes that Plaintiff is entitled to an EAJA fee award but objects to the number of hours claimed as excessive. The Commissioner asks that no more than 33.5 hours compensation be awarded. Simply put, having reviewed the detailed and lengthy brief in support of the motion and reply, I disagree with the Commissioner that the length of the transcript, the amount of medical evidence in the record, and the asserted "lack of novel or complex issues" justify a reduction of the hours actually spent in pursuing this fully successful appeal. Thus, the Court the Court expressly finds that an award of fees in the amount requested is reasonable in this case.

**IT IS THEREFORE ORDERED** that, attorney fees be, and hereby are, awarded under the Equal Access to Justice Act, 28 U.S.C. § 2412(d), payable to Plaintiff in the amount of $9,046.60. *See Astrue v. Ratliff*, 130 U.S. 2521 (2010) (EAJA fees are paid to the prevailing party, not the attorney).

**IT IS FURTHER ORDERED** that**,** if Plaintiff's counsel receives attorney fees under both the EAJA and 42 U.S.C. § 406(b) of the Social Security Act, Plaintiff's

counsel shall refund the smaller award to Plaintiff pursuant to *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

 

_____
UNITED STATES CHIEF MAGISTRATE JUDGE